UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

In Re: :
:
MICHAEL A. COHEN :
: Misc. No. 22-
:

## MOTION TO COMPEL COUNSEL TO APPEAR

Scott F. Waterman, Esq., Chapter 13 Trustee, pursuant to 11 U.S.C. §105 and Local Bankruptcy Rule 2091-1, respectfully represents as follows:

1. Michael A. Cohen, Esquire is debtors' counsel of record in twenty-four (24) pending Chapter 13 cases located in the United States Bankruptcy Court for the Eastern District of Pennsylvania. Those cases are as follows:

| | |
|---|---|
| 17-11029-mdc | Tonneh Tokpah |
| 17-12491-elf | Donald W. Gordon and Evora J Harris-Gordon |
| 17-12571-elf | Lauren M. DiMatteo |
| 17-16517-amc | Lanore E. Spearing |
| 18-11002-mdc | Estella Whitt |
| 18-12779-mdc | Lillian Eure |
| 18-14433-mdc | Gladys Marie Valle |
| 18-14964-elf | Debra Joan O'rourke |
| 18-15522-mdc | Muhammad S. Bey |
| 18-16480-elf | Anthony Rubenstein |
| 18-16657-amc | Martha D. White |
| 18-18024-amc | George Clarke-Pilgrim |

    19-11381-mdc Taara M. Green

    19-11516-elf Tong Khanh Truong

    19-13393-amc Patricia Harte-Kuscin

    19-14422-amc Elizabeth Dickerson

    19-15467-elf Michele Smith

    19-15582-elf James L. Hayes

    19-16444-amc Owen E. Ford and Julia Ford

    20-10261-amc Terracino K. King

    20-10598-mdc Lamont D. Henry

    20-12677-amc Patricia McCormick

    20-13185-elf Angela N. Hines.

  2. Pennsylvania Rule of Professional Conduct 1.3 requires a lawyer to act with reasonable diligence and promptness in representing a client. Pa.R. Prof. Conduct 1.3.

  3. Unless a relationship is terminated as provided in Rule 1.16 a lawyer should carry through to conclusion all matters undertaken for a client. Pa.R.Prof. Conduct 1.3, Comment 4.

  4. To prevent neglect of client matters in the event of a sole practitioner's inability to practice, the duty of diligence may require a practitioner prepare a plan, in conformity with applicable rules, that designates another competent lawyer to review client files, notify each client of the lawyer's inability to practice, and determine whether there is a need for immediate protective action. Cf. Rule 28 of the American Bar Association Model Rules for Lawyer Disciplinary Enforcement (providing for court appointment of a lawyer to inventory files and take other protective action in absence of a plan providing for another lawyer to protect the interests of the clients of a deceased or disabled lawyer). Id., Comment 5.

5. Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. Pa. R. Prof. Conduct 1.16(d).

6. An attorney may not withdraw his or her appearance except by order of the Bankruptcy Court unless another attorney eligible to appear before the court enters his or her appearance simultaneously with the request for withdrawal of appearance. A motion for withdrawal of counsel shall specify the basis for withdrawal. Local Bankruptcy Rule 2091-1.

7. Mr. Cohen recently advised this office that he has closed his practice and no longer practices law. A copy of his email is attached as Exhibit "A."

8. It appears that Mr. Cohen's Pennsylvania law license is "administratively suspended". See copy of the Statement from the Disciplinary Board of the Supreme Court of Pennsylvania attached as Exhibit "B."

9. When questioned whether he has notified his clients of his change in status, Mr. Cohen failed to reply and it is believed he has neglected to advise his current clients that he has closed his practice.

10. No other attorney has entered his or her appearance to replace Mr. Cohen in any of his twenty-four current cases.

11. To protect the debtors and their files, we request this Court issue an order compelling Mr. Cohen to appear before the Court to advise (1) what steps, if any, he has taken to protect his clients and their files by notifying them of his career change; (2) making his clients'

files available to them for retrieval; and (3) arranging for replacement counsel to enter appearances to protect his clients' interests in these on-going Chapter 13 cases.

12. Kenneth E. West, Esquire, Chapter 13 Trustee for the Eastern District of Pennsylvania joins this motion.

**WHEREFORE**, the Chapter 13 Trustees respectfully request that this Court enter an order directing Michael A. Cohen, Esquire to appear before the Court to advise the status of how he is protecting his current bankruptcy clients.

Respectfully submitted,

Date: March 7, 2022

*/s/ Ann E. Swartz*
Ann E. Swartz, Esq.
for
Scott F. Waterman, Esq.
Standing Chapter 13 Trustee
2901 St. Lawrence Avenue
Reading, PA  19606
Telephone:  (610) 779-1313